JS-6   O

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIEL COOK,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JOHN MARSHALL, Warden,<br><br>　　　　　　Defendant. | Case No. CV 11-1173 CAS (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE**<br><br>**FRCP 41(b)** |

　　　The Court dismisses the action with prejudice for failure to prosecute and for failure to respond to Court orders.

　　　　　　　　　　　　　　　　\* \* \*

　　　This is a state habeas case that the Court previously dismissed. In March 2017, the Ninth Circuit remanded the case to the district court to allow Petitioner to amend his petition and potentially convert it into a civil rights action. (Docket # 28-29.)

　　　Petitioner was paroled from prison during the pendency of his appeal. At the Court's request, the Attorney General provided the Court with Petitioner's parole address. (Docket # 32.) In April 2017, the Court issued an order requiring

Petitioner to inform the Court whether he wished to amend his complaint or voluntarily dismiss the case. (Docket # 33.) Petitioner did not file any statement.

In June 2017, the Court ordered Petitioner to explain why he didn't respond to the Court's previous order and to state his intentions regarding the case. The Court's order further warned that if Plaintiff failed to comply, the Court "will recommend dismissal of this action." (Docket # 34.) To date, Plaintiff has not responded to any of the Court's post-remand orders.

* * *

Rule 41(b) provides that if a petitioner "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Additionally, Local Rule 41-6 provides in pertinent part:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number[.] If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

The dismissal of an action based on a litigant's failure to inform a district court of his or her address is reviewed for abuse of discretion. <u>Carey</u>, 856 F.2d at 1440; <u>Hickman v. County of Butte</u>, 586 F. App'x 285 (9th Cir. 2014) (same).

In the present action, the Court finds dismissal is appropriate. Petitioner did not respond to any of the Court's post-remand orders. The Court gave Petitioner ample opportunity to do so. The Court also advised him that he risked dismissal of the action if he did not promptly act. Petitioner's failure to respond to the Court's orders demonstrates that he has no interest in advancing the action here.

By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Petitioner effectively abandoned his case by not responding to the Court's orders. The Court finds that dismissal is appropriate under Rule 41(b) and Local Rule 41-6. Furthermore, because Petitioner is a <u>pro se</u> litigant who did not abide by the Court's recent order, no sanction short of dismissal will be effective in moving this case forward. <u>Carey</u>, 856 F.2d at 1440.

Accordingly, for the above reasons, this action is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: July 7, 2017

HON. CHRISTINA A. SNYDER
SENIOR U.S. DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE